# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 5599 | **DATE** | 3/28/2002 |
| **CASE TITLE** | Vakharia vs. Little Co. of Mary Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Before the court is Defendants' motion to strike Plaintiff's response to Defendants' motion for summary judgment [262-1] and Defendants' motion for summary judgment [233-1] pursuant to Federal Rule of Civil Procedure 56. Defendants' motion to strike and Defendants' motion for summary judgment are granted. It is so ordered. (See Attached Order for Details).

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

USHA VAKHARIA, M.D. )
)
      Plaintiff, )
) No. 94 C 5599
v. )
) HONORABLE CHARLES R. NORGLE
)
LITTLE COMPANY OF MARY )
HOSPITAL and HEALTH CARE )
CENTERS; EVERGREEN ANESTHESIA )
& PAIN MANAGEMENT SERVICES, S.C.; )
DAVID ROTH M.D.; SISTER KATHLEEN )
McINTYRE; CLAUS VonZYCLIN; )
and the HOSPITAL BOARD of DIRECTORS )
)
) DOCKETED
) MAR 2 9 2002
      Defendants. )

**Charles R. Norgle Sr., District Court Judge**

## OPINION AND ORDER

Before the court is Defendants' motion to strike Plaintiff's responsive pleadings to Defendants' motion for summary judgment and Defendants' motion for summary judgment. For the following reasons, Defendants' motions are granted.

### I. BACKGROUND

Plaintiff's attempts to sue the remaining twenty Defendants have taken a long and tumultuous ride over the past eight years. The court provides a brief recitation of the facts that precipitated the filing of this suit and its horrid procedural background.

#### A. Factual Background

Plaintiff, Usha Vakharia ("Vakharia"), is a medical doctor practicing since 1974. She is licensed to practice in Illinois and is Board certified in anesthesiology.

On February 20, 1992, Vakharia applied for a position in both the Obstetrical / Gynecological ("OB/GYN") and Surgical sections of the Little Company of Mary Hospital and Health Care

Center's ("Hospital") anesthesiology department, through a pre-application process. The Hospital determines its need for physicians and then screens potential applicants through a pre-application process. After the pre-application process, the Hospital provides applications. The Hospital Board regulates credentialing, and the Professional Staff regulates privileges under the Professional Staff Bylaws ("Bylaws").

On March 9, 1992, the Hospital granted Vakharia interim privileges in the OB/GYN section on an as-needed basis and provided her with a copy of the Bylaws and the Department Rules and Regulations ("Rules"). Hospital anesthesiologists were engaged in an employment relationship with the Hospital, and entered contracts with individual patients assigned to the anesthesiologists by the Hospital.

On March 20, 1992, the Hospital provided Vakharia a formal application to obtain full privileges. Vakharia was expected to return the application as quickly as possible, but she did not return the application. So, on June 11, 1992, the Hospital requested that she return her completed application promptly. On August 1, 1992, Vakharia returned her application, but failed to provide the required professional history and the employment history from her previous employer, Swedish Covenant Hospital ("SCH"). Prior to working for the Hospital, Vakharia's privileges at SCH were suspended for serious deficiencies in her care that resulted in injury to her patients. See Vakharia, M.D. v. Swedish Covenant Hsp., 987 F.Supp. 633 (N.D.Ill. 1997).

In January 1993, ten months after receiving the formal application, Vakharia finally provided the Hospital with the information necessary to process her application. Vakharia's application met with the full approval of all the committees and boards to which it was presented. On July 6, 1993, Vakharia was granted full privileges at the Hospital. The granting of full privileges only changed Vakharia's status, not her work schedule at the Hospital. Vakharia was still retained on an as-needed basis. Neither Vakharia's privileges nor her duties were reduced in any way as a result of the delay in the completion and processing of Vakharia's application.

In February of 1994, in an effort to better service its patients Hospital selected Evergreen Anesthesia & Pain Management Services, S.C. ("Evergreen") as an exclusive provider for anesthesiology services. As a result of the exclusive provider agreement between Evergreen and the Hospital, anesthesiologists not affiliated with Evergreen were not allowed to work at the hospital.

However, Evergreen offered Vakharia the opportunity to join their group and continue working at the Hospital under the same terms and conditions as her direct employment with the Hospital. Vakharia refused Evergreen's offer. Because of Vakharia's refusal to join Evergreen and Evergreen's exclusive contract with the Hospital, Vakharia did not have access to the Hospital's anesthesia equipment and operating suites. Vakharia asserts that the extended period of time in which it took her to complete and the Hospital to process her application, and the impact of selecting Evergreen as the exclusive provider of anesthesiology services for the Hospital, and not being allowed to provide anesthesiology services at the hospital, form the basis for her suit. Defendants have filed a motion for summary judgment.

### B. Procedural Background

Vakharia filed her original complaint on September 9, 1994, almost eight years ago. Vakharia in an attempt to state a viable cause of action has amended her original complaint several times. At one point Plaintiff threw everything but the proverbial kitchen sink in an Amended Complaint ("Complaint") naming an estimated 500 Defendants in 178 paragraphs spread over fifty-one pages. The Complaint struggled to allege simple discrimination, antitrust, and breach of contract and bylaws claims. After lengthy oral arguments and a lengthy opinion by the count, Plaintiff's claims have been whittled down to only two counts against approximately twenty defendants. See Vakharia v. Little Co. of Mary Hosp., 917 F.Supp. 1282 (N.D.Ill. 1996).

The two counts that remain are Count I, and Count III. Count I alleges a delay in the processing of Plaintiff's application for hospital staffing privileges in violation of 42 U.S.C. § 1981 against the Hospital, Evergreen, David Roth M.D., Sister Kathleen McIntyre, Claus VonZyclin, and

3

each member of the Hospital Board of Directors. Count III alleges the Hospital violated the Bylaws by: (1) failing to place Plaintiff on full rotation; and (2) not allowing Plaintiff to provide anesthesia services at the Hospital as a result of her refusal to join Evergreen. Defendant has filed a motion for summary judgment on the remaining two claims and Vakharia has attempted to file a response. To get to this point in the litigation has been anything but easy. But unlike Sisyphus, Vakharia has not even pushed her stone near the top of the hill before it falls down again.

There have been numerous attempts to amend the complaint, motions to strike, motions to dismiss, motions for extensions of time, and various other matters that have all been fully briefed and determined by this court. Vakharia has been repeatedly admonished and sanctioned throughout the entirety of the case for her lack of due diligence, failure to comply with Local Rules, failure to timely file motions, and failure to comply with the court's orders. (See Minute Order of October 28, 1994, requiring Vakharia to post a $10,000.00 discovery bond); (See Minute Order of November 7, 1996, granting Defendants' motion for Rule 11 sanction in the amount of $14,135.40); and (See Minute Order of November 16, 2001, granting Defendants' motion for sanctions in the amount of $2,500.00.) Vakharia has repeatedly been admonished by the court for her filing of numerous motions for extensions of time and for her repeatedly filing briefs outside the original time periods set forth by the court, without requesting an extension of time.

Vakharia's attempts to respond to Defendant's motion for summary judgment have been unsuccessful. Vakharia's first attempt to respond to Defendants' motion for summary judgment failed to comply with Local Rule 56.1 and the court's previous orders. In an effort to help Vakharia file an appropriate response, Defendants, as well as the court, outlined the problems and defects of Vakharia's response during oral arguments. Vakharia's response was lacking in both form and substance. Vakharia attempted to reargue issues that had previously been excluded by the court in its opinion and order entered March 7, 1996, a Minute Order entered on June 18, 2001, and again in open court on November 16, 2001. Additionally, Vakharia made incoherent conclusions and assertions without any factual basis or legal citation.

4

Defendants brought a motion to strike Vakharia's entire responsive pleading and for sanctions. The court granted Defendant's motion to strike, sanctioned Vakharia $2,500.00, but allowed her another opportunity to correct the deficiencies in her response. (See Minute Order of November 16, 2001.) The court noted that to end Vakharia's ability to respond to the motion for summary judgment would be draconian at this time. (See November 16, 2001, Transcript of Proceedings at p. 15.) The court ordered Vakharia to correct the defects and comply with the local rules and the previous orders of the court. (See Minute Order of November 16, 2001.) Finally, the court warned Vakharia that "if you do not comply with this order, the Court will not impose a monetary sanction, it will be to rule on the motion without the benefit of any response by the Plaintiff." (See November 16, 2001, Transcript of Proceedings at p. 15.)

Vakharia's second attempt at responding to Defendants' motion for summary judgment was rife with the same defects as her previous attempt. Vakharia did alter the physical form of her response in an attempt to comply with Local Rule 56.1. The substance, on the other hand, was still completely lacking compliance with Local Rule 56.1 and the court's previous orders. Vakharia's response was again full of factual and legal conclusions without any supporting citations. Vakharia again attempted to argue issues previously excluded by the court. Rather than attempting to reply to Vakharia's response Defendants again filed a motion to strike the response for failing to comply with the Local Rules and the court's direct orders. Defendants asked that Vakharia be barred from attempting to respond to the motion for summary judgment for a third time as the court had previously stated that on November 16, 2001. (See Defs.' Second Mot. to Strike Pls. Resp.) The court again struck Vakharia's response to Defendants' motion for summary judgment. (See Minute Order of January 15, 2002.) Despite the court's previous warnings, Vakharia was again given the opportunity to conform her response to the Local Rules and the court's previous orders. Vakharia was given an additional ten days to file her amended response.

Seventeen days after the court struck Vakharia's amended response, Vakharia submitted an amended response to Defendants' motion for summary judgment. It is important to note that

5

Vakharia did not ask leave of court for an extension of time in which to file her amended response. Defendants have for the third time filed a motion to strike Vakharia's response for failure to comply with Local Rules and the court's previous orders.

## II. DISCUSSION

Presently before the court is Vakharia's third attempt at responding to Defendant's motion for summary judgment and Hospital's motion that it should be stricken. As discussed below the court, for the third and final time, strikes Vakharia's responsive pleadings, for failing to comply with Local Rule 56.1, the court's previous rulings, and as untimely.

"[I]t is not the district court's task to scour the record in search of a genuine issue of triable fact because court relies on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." Brasic v. Heinemann's Inc., 121 F.3d 281, 285 (7th Cir. 1997) (LR 56.1 requires "specific references to affidavits and parts of the record, not to entire affidavits") (emphasis in original). Furthermore, "it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." Doherty v. City of Chicago, 75 F.3d 318, 324 (7th Cir 1996); Sanchez v. Miller, 792 F.2d 694, 703 (7th Cir. 1986); see Keller v. United States, 58 F.3d 1194, 1196 n.3 (7th Cir. 1995); Salazar v. City of Chicago, 940 F.2d 233, 242-43 (7th Cir. 1991). "[A] lawsuit is not a game of hide the peanut." See Greer v. Board of Educ. of the City of Chicago, 267 F.3d 723, 727 (7th Cir. 2001) (citation omitted).

The content of Vakharia's responsive pleadings fails to comply with Local Rule 56.1. Vakharia's memorandum in response to Defendants' motion for summary judgment is replete with legal and factual conclusions without any basis to support them. Vakharia repeatedly cites her own self serving letters and affidavits for support of her claims rather than making "specific references to the affidavits, parts of the record, and other supporting materials relied upon," in her responsive

pleadings. Local Rule 56.1(b)(3)(A). Vakharia makes references to exhibits and affidavits generally, some of which contain numerous pages. Vakharia's only use of case law is to state well settled law without going into any analysis as to how they should be applied in this instance. (See Pl's. Resp. Br.) She fails to provide the court with any guidance, for example as to how the theories of Justice Learned Hand, might be applicable to the facts in the case. (Pl's. Resp. Br. p. 6.)

Vakharia's responsive pleadings also fail to comply with the court's previous rulings. On two previous occasions the court addressed Vakharia's claim regarding the formation of Evergreen. (See Opinion and Order entered March 7, 1999 and Minute Order entered June 18, 2001.) The court dismissed Vakharia's claims on that matter. Additionally, the court identified the sections of Vakharia's response, when striking Vakharia's two previous responses, that should be stricken due because the court had already decided those issues regarding Evergreen. (See Minute Order of November 16, 2001 and Minute Order of January 15, 2002.) Vakharia has once again disregarded the court's previous orders, and intertwined throughout her response matters pertaining the formation of Evergreen. Vakharia's flagrant disregard for the court's previous orders is yet another reason to strike her responsive pleadings.

Finally, Vakharia's responsive pleadings are also untimely filed. On January 15, 2002, the court entered a Minute Order striking Vakharia's second attempt at responding to the summary judgment motion. (See Minute Order of 1/15/02.) In that minute order, the court gave Vakharia ten days within which to file her responsive pleadings. (See Minute Order of 1/15/02.) Vakharia did not file her responsive pleadings or request an extension of time to file her pleadings, within that ten day period. On February 2, 2002, seventeen days after the court entered its order, Vakharia submitted her responsive pleadings without leave of court. The record is replete with late submissions by Vakharia without filing a request for extensions. She has continuously disregarded the court's orders and its deadlines. "One who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules." White v. Bensten, 31 F.3d 474, 476 (7th Cir. 1994) (citing McNeil v. United States, 508 U.S. 106

7

(1993); Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1983)). The court strikes Vakharia's responsive pleadings under Federal Rule of Civil Procedure 12(f) for the defects set forth by the court, and additionally the court looks at the submissions and their faults as a whole in making its determination to strike Vakharia's faulty responsive pleadings.

This case, which has spanned eight years, has finally come to a point where there is a despositive motion before the court. Vakharia has not been able to succinctly state and support her remaining claims, but has put forth a menagerie of unfounded, unsupported conclusions, without complying with the Local Rules or this court's orders. After giving Vakharia two additional chances to conform her submissions to the standards set forth by Local Rule 56.1 and the court's previous orders, it is inexcusable for Vakharia to submit, for the third time, pleadings that do not comply with the rules. Vakharia's responsive pleadings to Defendants' motion for summary judgment are stricken. The court will rule on Defendants' motion for summary judgment without the benefit of a response from Vakharia.

### III. SUMMARY JUDGMENT

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High School District No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999); see also Shank v. William R. Hague, Inc., 192 F.3d 675, 682 (7th Cir. 1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events.") A defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. See e.g. Navarro v. Fuji Heavy Industries, Ltd., 117 F.3d 1027, 1030 (7th Cir. 1997). If the plaintiff fails

to come up with the required proof, the defendant is entitled to summary judgment. See id. It bears repeating that the plaintiff must present evidence, rather than speculation and conclusions without factual support. See Rand v. CF Industries, Inc., 42 F.3d 1139, 1146-47 (7th Cir. 1994). "In deciding a motion for summary judgment, the court will conclude that there is no genuine issue as to any proposed finding of fact to which no response is set out." Hartley v. Wisconsin Bell, Inc., 124 F.3d 887, 890 (7th Cir. 1997); Fed.R.Civ.P. 56(e); Local Rule 56.1. In deciding this motion for summary judgment Plaintiff's response was stricken, leaving the court to decide the motion based on the pleadings before it. Under Local Rule 56.1, the court deems admitted all statements of fact that Defendants present and support with admissible evidence.

Count I alleges delay in processing Vakharia's application for hospital staffing privileges violated 42 U.S.C. § 1981. To establish a claim under § 1981 Plaintiff must make a prima facie case showing: (1) she was in a protected group; (2) she was qualified for the position and/or performing according to her employer's expectations; (3) suffered an adverse employment action; and (4) others outside the protected class were treated differently. Lalvani v. Cook County, 269 F.3d 785, 789 (7th Cir. 2001).

Even if, arguendo, Vakharia could satisfy some of the elements necessary to make a prima facie case, she can not show that she suffered any adverse employment action. Vakharia was allowed to continue practicing at the Hospital the entire time she was waiting for her formal application to be processed. Neither her work schedule nor her duties where affected by the delay in processing her application. The evidence also demonstrates that the delay in the processing of Vakharia's application was a result of her own making. Vakharia failed to provide the necessary information needed to complete her formal application in a timely fashion. Once the Hospital was

provided with the all the necessary information it processed her application in a quick and expeditious manner. Vakharia has failed to present even a scintilla of evidence that shows a genuine issue of material fact. Vakharia's claim for relief under § 1981 fails.

The court also finds that there is no genuine issue of material fact as to Count III. Vakharia alleges that Defendants violated its Bylaws by failing to place her on full rotation and by not allowing her to provide anesthesia services at the Hospital after she refused to join Evergreen. Vakharia is unable to identify any provision in the Bylaws where such rights arise. (See Defs.' 56.1 Ex. 4, p. 207-208, 211, 213-215). The mere fact that she was granted privileges at the Hospital does not entitle her the right to work at the Hospital. "[P]rivileges reflect the hospital's decision that a physician is qualified to practice in the facility, but do not in and of themselves confer employment." Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 481 (7th Cir. 1988). "Privileges relate to qualifications, while employment is a matter of contract." Vakharia v. Swedish Covenant Hosp., 987 F. Supp. 633, 646 (N.D.Ill. 1997). The court finds that there is no genuine issue as to Vakharia's claims and grants Defendants' motion for summary judgment

## IV. CONCLUSION

For the forgoing reasons, Defendants' motion to strike Plaintiff's response brief is granted. Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is also granted.

IT IS SO ORDERED.

ENTER:

_Charles R. Norgle_

CHARLES RONALD NORGLE, SR., Judge

DATED: 3/28/02